**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| **GIGAMON INC.** | |
| **Plaintiff,** | Civil Action No. 2:19-cv-300 |
| **v.** | **JURY TRIAL DEMANDED** |
| **APCON, INC.** | |
| **Defendant.** | |

**APCON, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO
GIGAMON INC.'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant APCON, Inc. ("APCON" or "Defendant") files this Answer to Plaintiff Gigamon Inc.'s ("Gigamon" or "Plaintiff") Complaint for Patent Infringement ("Complaint"). Except as expressly admitted below, APCON denies each and every allegation set forth in the Complaint. APCON responds to the numbered paragraphs of the Complaint and prayer for relief as follows:

**NATURE OF THE ACTION**

1.      APCON admits that the Complaint purports to bring an action under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

2.      APCON denies that this action arises out of APCON's infringement of United States Patent Nos. 8,570,862; 8,824,466; 8,830,819; 8,873,557; 9,077,656; and 9,769,049 (collectively, the "Patents-in-Suit").

## PARTIES

3.      APCON is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and, therefore, denies them.

4.      APCON admits the allegations of paragraph 4 of the Complaint.

## JURISDICTION

5.      APCON admits that this Court has subject matter jurisdiction over these patent law claims. APCON admits that the Complaint purports to bring an action under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

6.      APCON admits that its products are sold in the State of Texas, including in the Eastern District of Texas (this "District"). To the extent that paragraph 6 of the Complaint alleges that APCON has engaged in any infringing activity, APCON denies the allegations.

7.      APCON denies the allegations in paragraph 7 of the Complaint.

8.      APCON admits that APCON has a regular and established place of business in this District. APCON admits that it conducts product software development, product engineering, and product testing; interface design; web development; and product marketing at its Plano, Texas location. Except as expressly admitted, APCON denies any remaining allegations in paragraph 8 of the Complaint.

9.      APCON admits that it derives substantial revenue from interstate and international commerce. Except as expressly admitted, APCON denies any remaining allegations in paragraph 9 of the Complaint.

10.     APCON has availed itself of the benefits and privileges of conducting business in the State of Texas. Except as expressly admitted, APCON denies any remaining allegations in paragraph 10 of the Complaint.

## VENUE

11.     Paragraph 11 of the Complaint states conclusions of law for which no answer is required. APCON denies committing any acts of infringement and that Plaintiff is entitled to the relief sought. APCON denies the remaining allegations in paragraph 11 of the Complaint.

## THE PATENTS-IN-SUIT

12.     APCON admits that Exhibit A to the Complaint purports to be a copy of U.S. Patent No. 8,570,862 ("the '862 patent"), and states that it is titled "Mapping A Port On A Packet Switch Appliance." APCON further admits that the face of Exhibit A bears an issuance date of October 29, 2013, and lists as inventors Patrick Pak Tak Leong, King L. Won, and Ted Ho. APCON further admits that Exhibit A states that the Application No. for the '862 patent is 12/876,128, showing a filing date of September 4, 2010. APCON denies the remaining allegations in paragraph 12 of the Complaint.

13.     APCON is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and, therefore, denies them.

14.     APCON admits that Exhibit B to the Complaint purports to be a copy of U.S. Patent No. 8,824,466 ("the '466 patent"), and states that it is titled "Creating And/Or Managing Meta-Data For Data Storage Devices Using A Packet Switch Appliance." APCON further admits that the face of Exhibit B bears an issuance date of September 2, 2014, and lists as inventors King L. Won and Patrick Pak Tak Leong. APCON further admits that Exhibit B states that the Application No. for the '466 patent is 12/869,621, showing a filing date of August 26, 2010. APCON denies the remaining allegations in paragraph 14 of the Complaint.

15.     APCON is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and, therefore, denies them.

16.     APCON admits that Exhibit C to the Complaint purports to be a copy of U.S. Patent No. 8,830,819 ("the '819 patent"), and states that it is titled "Network Switch With By-Pass Tap." APCON further admits that the face of Exhibit C bears an issuance date of September 9, 2014, and lists as inventors Patrick Pak Tak Leong and Thomas Kwok Yin Cheung. APCON further admits that Exhibit C states that the Application No. for the '819 patent is 12/714,203, showing a filing date of February 26, 2010. APCON denies the remaining allegations in paragraph 16 of the Complaint.

17.     APCON is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and, therefore, denies them.

18.     APCON admits that Exhibit D to the Complaint purports to be a copy of U.S. Patent No. 8,873,557 ("the '557 patent"), and states that it is titled "Systems And Methods For Packet De-Duplication." APCON further admits that the face of Exhibit D bears an issuance date of October 28, 2014, and lists as inventors Hung Nguyen, Sandeep Dahiya, and Murali Bommana. APCON further admits that Exhibit D states that the Application No. for the '577 patent is 13/083,410, showing a filing date of April 8, 2011. APCON denies the remaining allegations in paragraph 18 of the Complaint.

19.     APCON is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and, therefore, denies them.

20.     APCON admits that Exhibit E to the Complaint purports to be a copy of U.S. Patent No. 9,077,656 ("the '656 patent"), and states that it is titled "Packet Switch Methods And Systems." APCON further admits that the face of Exhibit E bears an issuance date of July 7, 2015, and lists as inventors Tom Gallatin, Denny K. Miu, King L. Won, Patrick Pak Tak Leong, and Ted Ho. APCON further admits that Exhibit E states that the Application No. for the '656 patent is

13/765,614, showing a filing date of February 12, 2013. APCON denies the remaining allegations in paragraph 20 of the Complaint.

21.     APCON is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and, therefore, denies them.

22.     APCON admits that Exhibit F to the Complaint purports to be a copy of U.S. Patent No. 9,769,049 ("the '049 patent"), and states that it is titled "Monitoring Virtualized Network." APCON further admits that the face of Exhibit F bears an issuance date of September 19, 2017, and lists Hung Nguyen as an inventor. APCON further admits that Exhibit F states that the Application No. for the '049 patent is 13/560,968, showing a filing date of July 27, 2012. APCON denies the remaining allegations in paragraph 22 of the Complaint.

23.     APCON is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and, therefore, denies them.

## FACTUAL BACKGROUND

24.     APCON is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint and, therefore, denies them.

25.     APCON is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint and, therefore, denies them.

26.     APCON is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint and, therefore, denies them.

27.     APCON is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and, therefore, denies them.

28.     APCON is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint and, therefore, denies them.

29.     APCON admits the allegations in paragraph 29 of the Complaint.

30.     APCON admits that it sells network monitoring products and solutions: Series 4000, IntellaFlex, IntellaFlex XR, WebXR, HyperEngine, IntellaView, IntellaStore, IntellaCloud, and IntellaTap-VM, among others. APCON denies the remaining allegations in paragraph 30 of the Complaint.

31.     APCON admits that it makes, uses, offers to sell, and/or sells in the United States, and/or imports into the United States products bearing the names identified in paragraph 30 of this Answer. APCON denies the remaining allegations in paragraph 31 of the Complaint.

32.     APCON admits that its products compete with Gigamon's products. APCON denies the remaining allegations in paragraph 32 of the Complaint.

## <u>COUNT I</u>
### (APCON's Alleged Infringement of the '862 Patent)

33.     APCON repeats and realleges all the responses in paragraphs 1 through 32 above, as if set forth fully herein.

34.     APCON denies the allegations in paragraph 34 of the Complaint.

35.     APCON lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 35 of the Complaint and, therefore, denies them.

36.     APCON denies the allegations in paragraph 36 of the Complaint.

37.     APCON denies the allegations in paragraph 37 of the Complaint.

38.     APCON denies the allegations in paragraph 38 of the Complaint.

39.     APCON denies the allegations in paragraph 39 of the Complaint.

40.     APCON denies the allegations in paragraph 40 of the Complaint.

41.     APCON denies the allegations in paragraph 41 of the Complaint.

42.     APCON denies the allegations in paragraph 42 of the Complaint.

## COUNT II
**(APCON's Alleged Infringement of the '466 Patent)**

43.     APCON repeats and realleges all the responses in paragraphs 1 through 42 above, as if set forth fully herein.

44.     APCON denies the allegations in paragraph 44 of the Complaint.

45.     APCON lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 45 of the Complaint and, therefore, denies them.

46.     APCON denies the allegations in paragraph 46 of the Complaint.

47.     APCON denies the allegations in paragraph 47 of the Complaint.

48.     APCON denies the allegations in paragraph 48 of the Complaint.

49.     APCON denies the allegations in paragraph 49 of the Complaint.

50.     APCON denies the allegations in paragraph 50 of the Complaint.

51.     APCON denies the allegations in paragraph 51 of the Complaint.

52.     APCON denies the allegations in paragraph 52 of the Complaint.

## COUNT III
**(APCON's Alleged Infringement of the '819 Patent)**

53.     APCON repeats and realleges all the responses in paragraphs 1 through 52 above, as if set forth fully herein.

54.     APCON denies the allegations in paragraph 54 of the Complaint.

55.     APCON lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 55 of the Complaint and, therefore, denies them.

56.     APCON denies the allegations in paragraph 56 of the Complaint.

57.     APCON denies the allegations in paragraph 57 of the Complaint.

58.     APCON denies the allegations in paragraph 58 of the Complaint.

59.     APCON denies the allegations in paragraph 59 of the Complaint.

60.     APCON denies the allegations in paragraph 60 of the Complaint.

61.     APCON denies the allegations in paragraph 61 of the Complaint.

62.     APCON denies the allegations in paragraph 62 of the Complaint.

<u>COUNT IV</u>
**(APCON's Alleged Infringement of the '557 Patent)**

63.     APCON repeats and realleges all the responses in paragraphs 1 through 62 above, as if set forth fully herein.

64.     APCON denies the allegations in paragraph 64 of the Complaint.

65.     APCON lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 65 of the Complaint and, therefore, denies them.

66.     APCON denies the allegations in paragraph 66 of the Complaint.

67.     APCON denies the allegations in paragraph 67 of the Complaint.

68.     APCON denies the allegations in paragraph 68 of the Complaint.

69.     APCON denies the allegations in paragraph 69 of the Complaint.

70.     APCON denies the allegations in paragraph 70 of the Complaint.

71.     APCON denies the allegations in paragraph 71 of the Complaint.

72.     APCON denies the allegations in paragraph 72 of the Complaint.

<u>COUNT V</u>
**(APCON's Alleged Infringement of the '656 Patent)**

73.     APCON repeats and realleges all the responses in paragraphs 1 through 72 above, as if set forth fully herein.

74.     APCON denies the allegations in paragraph 74 of the Complaint.

75.    APCON lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 75 of the Complaint and, therefore, denies them.

76.    APCON denies the allegations in paragraph 76 of the Complaint.

77.    APCON denies the allegations in paragraph 77 of the Complaint.

78.    APCON denies the allegations in paragraph 78 of the Complaint.

79.    APCON denies the allegations in paragraph 79 of the Complaint.

80.    APCON denies the allegations in paragraph 80 of the Complaint.

81.    APCON denies the allegations in paragraph 81 of the Complaint.

82.    APCON denies the allegations in paragraph 82 of the Complaint.

## COUNT VI
### (APCON's Alleged Infringement of the '049 Patent)

83.    APCON repeats and realleges all the responses in paragraphs 1 through 82 above, as if set forth fully herein.

84.    APCON denies the allegations in paragraph 84 of the Complaint.

85.    APCON lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 85 of the Complaint and, therefore, denies them.

86.    APCON denies the allegations in paragraph 86 of the Complaint.

87.    APCON denies the allegations in paragraph 87 of the Complaint.

88.    APCON denies the allegations in paragraph 88 of the Complaint.

89.    APCON denies the allegations in paragraph 89 of the Complaint.

90.    APCON denies the allegations in paragraph 90 of the Complaint.

91.    APCON denies the allegations in paragraph 91 of the Complaint.

92.    APCON denies the allegations in paragraph 92 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

To the extent any response is required to any paragraph of Gigamon's Prayer for Relief, APCON denies that Gigamon is entitled to any of the requested relief and denies any allegations in its Prayer for Relief.

## ANSWER TO DEMAND FOR JURY TRIAL

Gigamon sets forth a demand for a trial by jury on all claims and issues so triable, no response to that demand is required.

## AFFIRMATIVE DEFENSES TO GIGAMON'S COMPLAINT

APCON asserts the following defenses to Gigamon's Complaint, without admitting or acknowledging that APCON bears the burden of proof as to any of them or that any must be pleaded as defenses. APCON specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

93.     Gigamon's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

94.     APCON does not and has not infringed any valid and enforceable claim of the Patents-in-Suit literally or under the doctrine of equivalents, directly or indirectly (including contributorily or by inducement), or jointly, or via any other mechanism of liability.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

95.     One or more of the claims of the Gigamon Asserted Patents are invalid and/or unenforceable for failure to meet the conditions of patentability and/or otherwise comply with one

or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### THIRD AFFIRMATIVE DEFENSE
### (Non-Infringement)

96.     APCON has not directly infringed (whether literally or under the doctrine of equivalents) and has not induced or contributed to the infringement of any valid claim of the Gigamon Asserted Patents.

### FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

97.     Gigamon's claims are barred in whole or in part by prosecution history estoppel.

### FIFTH AFFIRMATIVE DEFENSE
### (Statutory Limitations on Damages)

98.     Gigamon's claims for alleged damages or costs are statutorily barred, in whole or in part, under 35 U.S.C. §§ 286, 287, and/or 288 and by 28 U.S.C. § 1498.

### SIXTH AFFIRMATIVE DEFENSE
### (License and Patent Exhaustion)

99.     Gigamon's claims are barred, in whole or in part, as a result of patent exhaustion and/or a license to the Gigamon Asserted Patents.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Equitable Entitlement to Injunctive Relief)

100.     Gigamon is not entitled to injunctive relief at least because any alleged injury to Gigamon is not immediate or irreparable, and Gigamon has an adequate remedy at law for its claims.

101.    Gigamon will not be able to demonstrate (1) irreparable injury, (2) that damages are inadequate remedies, (3) that an equitable remedy is appropriate on balance, and (4) that the public interest would not be disserved by the issuance of an injunction.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

102.    Gigamon is not entitled to enhanced damages under 35 U.S.C. § 284 because Gigamon has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

## NINTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

103.    Gigamon's claims for relief are barred, either whole or in party, by the equitable doctrines of laches, waiver, unclean hands, acquiescence, and/or estoppel.

## TENTH AFFIRMATIVE DEFENSE
### (Plaintiff Not Entitled to Fees)

104.    Gigamon cannot prove that this is an exceptional case justifying an award of attorney fees against APCON pursuant to 35 U.S.C. § 285.

## APCON'S COUNTERCLAIMS

Counterclaimant APCON, Inc. ("APCON"), on personal knowledge as to its own acts, and on information and belief as to all others based on its own and its attorneys' investigation, alleges its Counterclaims against Gigamon Inc. ("Gigamon") as follows:

## PARTIES

1.    Counterclaimant APCON is an Oregon corporation having a principal place of business at 9255 SW Pioneer Ct., Wilsonville, Oregon 97070.

2.    Pleading as being likely to have evidentiary support after a reasonable opportunity for further investigation and discovery under Rule 11(b)(3), Gigamon is a Delaware corporation with its principal place of business at 3300 Olcott St., Santa Clara, California 95054.

## JURISDICTION AND VENUE

3.    By filing its Complaint, Gigamon consented to the personal jurisdiction of this Court.

4.    These counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.* and under the declaratory judgment act, 28 U.S.C. §§ 2201 and 2202. This Court also has supplemental jurisdiction over these counterclaims under 28 U.S.C. § 1367 because APCON's counterclaims are related to Gigamon's claims raised in this action. In view of the filing by Gigamon of its Complaint and in view of APCON's defenses to the Complaint, there exists an actual and justiciable controversy between the parties regarding the validity, enforceability, and alleged infringement of United States Patent Nos. 8,570,862; 8,824,466; 8,830,819; 8,873,557; 9,077,656; and 9,769,049 (collectively, the "Patents-in-Suit").

5.    Venue over these Counterclaims is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Gigamon has consented to venue in this Court by filing it claims for patent infringement in this Court, in response to which these counterclaims are asserted.

## BACKGROUND FACTS

6.    For more than 25 years, APCON has consistently delivered smart, stable and scalable technology solutions that provide an unparalleled level of confidence to organizations seeking total visibility and security of physical, private and public cloud networks.

7.     With customers around the world, APCON provides adaptable and flexible solutions to organizations ranging from midsize companies to Fortune 100 enterprises.

8.     APCON assures superior network monitoring while supporting traffic analysis and streamlined network management and security.

9.     APCON's mission is to provide valuable network insights that enable security and network professionals to monitor, secure and protect their data in both physical and virtual environments (collectively "the network market"), inspiring confidence through APCON's exceptional product quality and responsive customer service.

10.    Since at least as early as 2004, APCON and Gigamon have been competitors, along with one additional company.  While APCON is a technology leader in this network market, Gigamon is believed to be the largest (in terms of revenues and employees) of the companies in this network market.

11.    Cascadia Capital (CC) is an investment company, which helps to market business opportunities.  Since early 2019, CC has been charged with the responsibility of confidentially seeking potential investors of APCON a/k/a "Project Citation."   On Friday, June 28, Richard Rauch, President & CEO at APCON, approved CC's contacting Evergreen Coast Capital Corp. (ECC) about "Project Citation."  ECC owns Gigamon as one of its portfolio companies.

12.    The detailed sequence of events is as follows:

    a.     On Tuesday, July 9 at 9:29 a.m., CC sent an introductory email to Isaac Kim, Managing Director at ECC.

    b.     Later that same day at 2:18 p.m., Mr. Kim replied to the email indicating interest, while ccing his ECC colleagues, Mike Chen (Principal) and Amish Desai (Associate).

     c.      CC then emailed at 2:55 p.m. on the same day, an APCON teaser to Mr. Kim, Mr. Chen and Mr. Desai and asked to schedule an introductory call; Mr. Chen responded at 9:03 p.m. requesting such call for the next day.

     d.      On Wednesday, July 10 at 4:00 p.m. PST, the CC introductory call was completed with Mr. Chen and Mr. Desai.

     e.      As a result of the telephone call, ECC expressed interest in learning more about "Project Citation" and the transaction opportunity and requested a Mutual Non-Disclosure Agreement ("MNDA").

     f.      On July 10 at 4:29 p.m., Mr. Chen replied to the email thread, ccing his colleague Ben Harell (Compliance Counsel) with a heads-up for the upcoming MNDA.

     g.      Pleading as being likely to have evidentiary support after a reasonable opportunity for further investigation and discovery under Rule 11(b)(3), based on the "Project Citation" teaser and brief Q&A session, ECC had sufficient information to determine that "Project Citation" was related to the potential sale of APCON.

     h.      CC requested Buckley Law to prepare a custom MNDA for ECC prohibiting the sharing of APCON's confidential information with ECC's portfolio companies, including Gigamon.

     i.      CC insisted that, *inter alia*, the evaluation of "Project Citation" stay at ECC, *i.e*., not involve Gigamon; ECC agreed with this approach.  On Wednesday, July 17, CC emailed the MNDA that Buckley Law prepared to ECC.

     j.      On Thursday, July 25, Wednesday, August 7 and Monday, August 26, CC sent follow-up emails to ECC relating to the status of the execution of the MNDA.

13.     On Friday, August 30, 2019, Gigamon filed this lawsuit against APCON, which, upon information and belief, Gigamon knew was baseless sham litigation.

     a.      Previously, Gigamon had never claimed that APCON infringed any of its patents -- even though 5 of the 6 patents in suit issued in the 2013-2015 time period.

     b.      Subsequent to the filing of this lawsuit, CC has had significant potential APCON investor interest by multiple investment groups.  In the case of each of these investment groups, the existence of this sham litigation has created an impediment to the investment in APCON -- and further chilling investor enthusiasm for investing in APCON - - and creating an obstacle to negotiations.  To date, one of the multiple potential investment groups has dropped out.

       c.      Pleading as being likely to have evidentiary support after a reasonable opportunity for further investigation and discovery under Rule 11(b)(3), this is precisely the result intended by ECC and Gigamon.

14.     Pleading as being likely to have evidentiary support after a reasonable opportunity for further investigation and discovery under Rule 11(b)(3), Gigamon, at the urging of ECC, brought suit against APCON for patent infringement in an attempt to drive down the potential APCON stock price for ECC and/or to maliciously interfere with investment in APCON so as to maintain its leadership position in this network market.  These actions have caused significant lost opportunity and economic loss for APCON and its principals.

## FIRST COUNT
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,570,862)

15.     APCON realleges paragraphs 1 through 14 as if fully set forth herein.

16.     APCON has not infringed and does not infringe, directly or indirectly, any valid claim of the '862 patent, either literally or under the doctrine of equivalents.

17.     In paragraph 36 of its Complaint, Gigamon has alleged that "APCON has directly infringed at least claim 1 of the '862 patent, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering to sell, and/or importing in or into the United States without authority the Accused Products that meet the limitations of the '862 patent claims."

18.     There exists an actual case or controversy of sufficient immediacy and reality to warrant the issuance of a declaration judgment as to whether APCON infringes any valid claim of the '862 patent.

19.     A judicial declaration is necessary and appropriate so that APCON may ascertain its rights regarding the '862 patent.

20.     APCON is therefore entitled to a judicial declaration that it has not infringed and does not infringe any valid claim of the '862 patent.

## SECOND COUNT
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,824,466)

21.     APCON realleges paragraphs 1 through 20 as if fully set forth herein.

22.     APCON has not infringed and does not infringe, directly or indirectly, any valid claim of the '466 patent, either literally or under the doctrine of equivalents.

23.     In paragraph 46 of its Complaint, Gigamon has alleged that "APCON has directly infringed at least claim 22 of the '466 patent, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering to sell, and/or importing in or into the United States without authority the Accused Products that meet the limitations of the '466 patent claims."

24.     There exists an actual case or controversy of sufficient immediacy and reality to warrant the issuance of a declaration judgment as to whether APCON infringes any valid claim of the '466 patent.

25.     A judicial declaration is necessary and appropriate so that APCON may ascertain its rights regarding the '466 patent.

26.     APCON is therefore entitled to a judicial declaration that it has not infringed and does not infringe any valid claim of the '466 patent.

## THIRD COUNT
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,830,819)

27.     APCON realleges paragraphs 1 through 26 as if fully set forth herein.

28.     APCON has not infringed and does not infringe, directly or indirectly, any valid claim of the '819 patent, either literally or under the doctrine of equivalents.

29.     In paragraph 56 of its Complaint, Gigamon has alleged that "APCON has directly infringed at least claim 1 of the '819 patent, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering to sell, and/or importing in or into the United States without authority the Accused Products that meet the limitations of the '819 patent claims."

30.     There exists an actual case or controversy of sufficient immediacy and reality to warrant the issuance of a declaration judgment as to whether APCON infringes any valid claim of the '819 patent.

31.     A judicial declaration is necessary and appropriate so that APCON may ascertain its rights regarding the '819 patent.

32.     APCON is therefore entitled to a judicial declaration that it has not infringed and does not infringe any valid claim of the '819 patent.

## FOURTH COUNT
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,873,557)

33.     APCON realleges paragraphs 1 through 32 as if fully set forth herein.

34.     APCON has not infringed and does not infringe, directly or indirectly, any valid claim of the '557 patent, either literally or under the doctrine of equivalents.

35.     In paragraph 66 of its Complaint, Gigamon has alleged that "APCON has directly infringed at least claim 20 of the '557 patent, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering to sell, and/or importing in or into the United States without authority the Accused Products that meet the limitations of the '557 patent claims."

36.     There exists an actual case or controversy of sufficient immediacy and reality to warrant the issuance of a declaration judgment as to whether APCON infringes any valid claim of the '557 patent.

37.     A judicial declaration is necessary and appropriate so that APCON may ascertain its rights regarding the '557 patent.

38.     APCON is therefore entitled to a judicial declaration that it has not infringed and does not infringe any valid claim of the '557 patent.

## FIFTH COUNT
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,077,656)

39.     APCON realleges paragraphs 1 through 38 as if fully set forth herein.

40.     APCON has not infringed and does not infringe, directly or indirectly, any valid claim of the '656 patent, either literally or under the doctrine of equivalents.

41.     In paragraph 76 of its Complaint, Gigamon has alleged that "APCON has directly infringed at least claim 14 of the '656 patent, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering to sell, and/or importing in or into the United States without authority the Accused Products that meet the limitations of the '656 Patent claims."

42.     There exists an actual case or controversy of sufficient immediacy and reality to warrant the issuance of a declaration judgment as to whether APCON infringes any valid claim of the '656 patent.

43.     A judicial declaration is necessary and appropriate so that APCON may ascertain its rights regarding the '656 patent.

44.     APCON is therefore entitled to a judicial declaration that it has not infringed and does not infringe any valid claim of the '656 patent.

## SIXTH COUNT
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,769,049)

45.     APCON realleges paragraphs 1 through 44 as if fully set forth herein.

46.     APCON has not infringed and does not infringe, directly or indirectly, any valid claim of the '049 patent, either literally or under the doctrine of equivalents.

47.     In paragraph 86 of its Complaint, Gigamon has alleged that "APCON has directly infringed at least claim 16 of the '049 patent, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering to sell, and/or importing in or into the United States without authority the Accused Products that meet the limitations of the '049 patent claims."

48.     There exists an actual case or controversy of sufficient immediacy and reality to warrant the issuance of a declaration judgment as to whether APCON infringes any valid claim of the '049 patent.

49.     A judicial declaration is necessary and appropriate so that APCON may ascertain its rights regarding the '049 patent.

50.     APCON is therefore entitled to a judicial declaration that it has not infringed and does not infringe any valid claim of the '049 patent.

### SEVENTH COUNT
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,570,862)

51.     APCON realleges paragraphs 1 through 50 as if fully set forth herein.

52.     None of the asserted claims of the '862 patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

53.     In paragraph 34 of its Complaint, Gigamon has alleged that the '862 patent is valid.

54.     There exists an actual case or controversy of sufficient immediacy and reality to warrant the issuance of a declaration judgment as to whether the asserted claims of the '862 patent are valid.

55.     APCON has been injured and damaged by Gigamon filing its Complaint, asserting an invalid patent.

56.     APCON is therefore entitled to a judicial determination that the asserted claims of the '862 patent are invalid.

## EIGHTH COUNT
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,824,466)

57.     APCON realleges paragraphs 1 through 56 as if fully set forth herein.

58.     None of the asserted claims of the '466 patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

59.     In paragraph 44 of its Complaint, Gigamon has alleged that the '466 patent is valid.

60.     There exists an actual case or controversy of sufficient immediacy and reality to warrant the issuance of a declaration judgment as to whether the asserted claims of the '466 patent are valid.

61.     APCON has been injured and damaged by Gigamon filing its Complaint, asserting an invalid patent.

62.     APCON is therefore entitled to a judicial determination that the asserted claims of the '466 patent are invalid.

## NINTH COUNT
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,830,819)

63.     APCON realleges paragraphs 1 through 62 as if fully set forth herein.

64.     None of the asserted claims of the '819 patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

65.     In paragraph 54 of its Complaint, Gigamon has alleged that the '819 patent is valid.

66.     There exists an actual case or controversy of sufficient immediacy and reality to warrant the issuance of a declaration judgment as to whether the asserted claims of the '819 patent are valid.

67.     APCON has been injured and damaged by Gigamon filing its Complaint, asserting an invalid patent.

68.     APCON is therefore entitled to a judicial determination that the asserted claims of the '819 patent are invalid.

<u>**TENTH COUNT**</u>
**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,873,557)**

69.     APCON realleges paragraphs 1 through 68 as if fully set forth herein.

70.     None of the asserted claims of the '557 patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

71.     In paragraph 64 of its Complaint, Gigamon has alleged that the '557 patent is valid.

72.     There exists an actual case or controversy of sufficient immediacy and reality to warrant the issuance of a declaration judgment as to whether the asserted claims of the '557 patent are valid.

73.     APCON has been injured and damaged by Gigamon filing its Complaint, asserting an invalid patent.

74.     APCON is therefore entitled to a judicial determination that the asserted claims of the '557 patent are invalid.

**ELEVENTH COUNT**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 9,077,656)**

75.     APCON realleges paragraphs 1 through 74 as if fully set forth herein.

76.     None of the asserted claims of the '656 patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

77.     In paragraph 74 of its Complaint, Gigamon has alleged that the '656 patent is valid.

78.     There exists an actual case or controversy of sufficient immediacy and reality to warrant the issuance of a declaration judgment as to whether the asserted claims of the '656 patent are valid.

79.     APCON has been injured and damaged by Gigamon filing its Complaint, asserting an invalid patent.

80.     APCON is therefore entitled to a judicial determination that the asserted claims of the '656 patent are invalid.


**TWELFTH COUNT**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 9,769,049)**

81.     APCON realleges paragraphs 1 through 80 as if fully set forth herein.

82.     None of the asserted claims of the '049 patent are valid because the claims fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

83.     In paragraph 84 of its Complaint, Gigamon has alleged that the '049 patent is valid.

84.     There exists an actual case or controversy of sufficient immediacy and reality to warrant the issuance of a declaration judgment as to whether the asserted claims of the '049 patent are valid.

85.     APCON has been injured and damaged by Gigamon filing its Complaint, asserting an invalid patent.

86.     APCON is therefore entitled to a judicial determination that the asserted claims of the '049 patent are invalid.

## THIRTEENTH COUNT
### (Gigamon's Actions Make This An Exceptional Case)

87.     APCON realleges paragraphs 1 through 86 as if fully set forth herein.

88.     Given the shortness of time and circumstantial evidence set forth above, Gigamon had no time to do a reasonable infringement analysis as to the 6 asserted patents in suit, as required by Rule 11, and pleading as being likely to have evidentiary support after a reasonable opportunity for further investigation and discovery under Rule 11(b)(3), Gigamon did not do such analysis.

89.     In view of the foregoing, the actions of Gigamon are such as to make this case exceptional, so that Gigamon is liable to APCON for APCON's reasonable and necessary attorney's fees and related expenses.

## RESERVATION OF RIGHTS

90.     APCON reserves any and all rights to amend its Answer to amend its currently pled defenses and/or add additional defenses as they become apparent.

## PRAYER FOR RELIEF

91.     Plaintiff requests that the Court:

a.     Find and declare that APCON has not infringed and is not infringing any asserted claims of the Patents-in-Suit;

b.     Find and declare that each of the asserted claims of each of Patents-in-Suit are invalid;

c.     Award APCON its costs and expenses associated with this case, together with interest;

    d.       Find this case to be exceptional and award APCON its reasonable and necessary attorney's fees;

    e.       Enter an order and judgment permanently enjoining Gigamon and its officers, directors, agents, servants, employees, affiliates, attorneys and all other acting in privity or in concert with them and their parents subsidiaries, divisions, successors and assigns from all further action interfering with the sale of APCON; and

    f.       Grant such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure, Rule 38(b), APCON hereby demands a trial by jury on all issues and claims so triable.

Dated:  October 23, 2019

Respectfully submitted,

WHITAKER CHALK SWINDLE
   & SCHWARTZ PLLC

*/s/ Richard L. Schwartz*
Richard L. Schwartz
Texas Bar No.  17869500
rschwartz@whitakerchalk.com

Enrique Sanchez, Jr.
Texas Bar No. 24068961
rsanchez@whitakerchalk.com

Thomas F. Harkins, Jr.
State Bar No. 09000990
tharkins@whitakerchalk.com
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Phone:  (817) 878-0500
Fax:      (817) 878-0501

Clyde M. Siebman
TX Bar No. 18341600
clydesiebman@siebman.com

Elizabeth S. Forrest
TX Bar No. 24086207
elizabethforrest@siebman.com

SIEBMAN FORREST BURG
 & SMITH, LLP
Federal Courthouse Square
300 N. Travis
Sherman, TX 75090
(903) 870-0070
(903) 870-0066 Telefax

*Counsel for Defendant APCON, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2019, I caused the forgoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Richard L. Schwartz*
Richard L. Schwartz